**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| LYNN URBAN POEPPE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, BOARD OF IMMIGRATION APPEALS and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | No. C25-4004-LTS-KEM<br><br>**ORDER** |

## *I. INTRODUCTION*

This case is before me on a motion (Doc. 12) to dismiss for lack of jurisdiction by defendants United States Department of Justice, Board of Immigration Appeals and Immigration Services (collectively the Government). Plaintiff Lynn Poeppe has not filed a response and the time to do so has passed. *See* Local Rule 7(e). Oral argument is not necessary. *See* Local Rule 7(c).

## *II. BACKGROUND*

On May 23, 2019, Poeppe filed a Form I-130, Petition for Alien Relative (the Petition), on behalf of his wife, Meifang Pan. Doc. 1 at 2. Poeppe states that the Petition was initially denied but later remanded by the Board of Immigration Appeals (BIA) to United States Citizenship and Immigration Services (USCIS). *Id.* Poeppe alleges that the Petition then remained pending before USCIS for an unreasonable period of time and requests a court order for "Defendants to adjudicate [Poeppe's] I-130 Petition within 30

days of the Court's order." *Id.* at 3-4. On October 3, 2024, USCIS issued a Notice of Decision denying the Petition. Doc. 16.

## *III. LEGAL STANDARDS*

The federal courts are courts of limited jurisdiction that "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Management Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993). The Federal Rules of Civil Procedure authorize a motion to dismiss a complaint due to a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proving subject matter jurisdiction is on the plaintiff. *V S Ltd. Partnership v. Department of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citing *Nucor Corp. v. Nebraska Pub. Power Dist.*, 891 F.2d 1343, 1346 (8th Cir. 1989)). Moreover, a federal court has a special obligation to consider sua sponte whether it has subject matter jurisdiction in every case. *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011).

A case is subject to dismissal under Rule 12(b)(1) when the plaintiff does not establish "a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 90 (2013). The United States Supreme Court further explains:

> We have repeatedly held that an "actual controversy" must exist not only "at the time the complaint is filed," but through "all stages" of the litigation. *Alvarez v. Smith,* 558 U.S. 87, 92, 130 S. Ct. 576, 175 L. Ed. 2d 447 (2009) (internal quotation marks omitted); *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed' " (quoting *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S. Ct. 2330, 45 L. Ed. 2d 272 (1975))).
>
> A case becomes moot—and therefore no longer a "Case" or "Controversy" for purposes of Article III—"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v.*

> *Hunt,* 455 U.S. 478, 481, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982) (per curiam) (some internal quotation marks omitted). No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute "is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Alvarez, supra,* at 93, 130 S. Ct. 576.

*Already,* 568 U.S. at 90; *see also Ali v. Cangemi,* 419 F.3d 722, 723 (8th Cir. 2005) (cleaned up) ("When, during the course of litigation, the issues presented in the case lose their life because of the passage of time or a change in circumstance … and a federal court can no longer grant effective relief, the case is considered moot.").

## *IV. DISCUSSION*

Poeppe seeks an order compelling USCIS to adjudicate the Petition. Doc. 1 at 4. USCIS adjudicated the Petition on October 3, 2024. Doc. 16. As such, the issue presented in Poeppe's complaint is no longer "live" and the complaint must be dismissed as moot.[1] *Already,* 568 U.S. at 90.

## *V. CONCLUSION*

For the reasons set forth herein, the Government's motion (Doc. 12) to dismiss is **granted.** This case is hereby **dismissed** as moot.

---

[1] The complaint includes a request for an award of attorney fees under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412. Doc. 1 at 4. The Eighth Circuit Court of Appeals has held that "as a general rule … 'a claim for attorneys' fees is … not sufficient to save a case from being moot.'" *Hickman v. State of Mo.*, 144 F.3d 1141, 1144 n. 6 (8th Cir. 1998) (quoting *Neighborhood Transp. Network, Inc. v. Pena,* 42 F.3d 1169, 1172 n.2 (8th Cir. 1994)). If Poeppe believes that he remains entitled to an award of attorney fees, despite the dismissal of this case on mootness grounds, he may file a separate motion.

**IT IS SO ORDERED** this 11th day of April, 2025.

Leonard T. Strand
United States District Judge